829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James L. CONLEY, Defendant-Appellant.
 No. 86-7415
 United States Court of Appeals, Fourth Circuit.
 Submitted June 19, 1987.
Decided September 9, 1987.
 
 James L. Conley, appellant pro se.
 Justin W. Williams, Assistant United States Attorney, for appellee.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Conley was convicted of murdering a fellow inmate, Otis Peterson, at Lorton Reformatory. This Court affirmed the conviction. United States v. Conley, 779 F.2d 970 (4th Cir. 1985), cert. denied, 55 U.S.L.W. 3233 (U.S. October 7, 1986).
 
 
 2
 Conley then filed a Sec. 2255 motion to vacate his sentence, alleging that counsel was ineffective because:
 
 
 3
 (1) Counsel failed to interview two witnesses who would have undermined the testimony of the major prosecution witness, Larry Offutt, by showing that Lieutenant Boiari conspired with Offutt to falsify testimony against Conley;
 
 
 4
 (2) Counsel failed to raise on appeal several nonfrivolous arguments, including a challenge to a jury instruction on manslaughter; and
 
 
 5
 (3) Counsel refused to file the certiorari to the Supreme Court.
 
 
 6
 The district court denied Conley's motion finding no merit in any of Conley's contentions. Conley appeals the denial of his motion.
 
 
 7
 To establish ineffective assistance of counsel, Conley must show that the representation he received fell below the 'range of competence demanded of attorneys in criminal cases.' Strickland v. Washington, 466 U.S. 668, 687 (1984) quoting McMann v. Richardson, 397 U.S. 759, 771 (1970). In addition, Conley must show a likelihood that the outcome of the trial was prejudiced by counsel's errors.
 
 
 8
 Conley alleges that his attorney refused to call two witnesses, Walter Woods and Ernest Jones. Conley asserts that these witnesses would show that Offutt conspired with Lieutenant Boiardi to frame Conley. The record does not reflect whether counsel interviewed these witnesses, but they did not testify at trial. Counsel did attempt to undermine Offutt's testimony by impeaching his testimony with statements from the earlier trial.
 
 
 9
 From the record, we cannot discern why Conley's counsel did not call Woods and Jones to testify. Conley asserts that he told his attorney of the witnesses and their proposed testimony. We cannot tell if the attorney investigated Woods' and Jones' testimony. A failure to investigate may rise to ineffective assistance of counsel. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). Conley's assertion that the testimony of the prosecution's two major witnesses arose from a conspiracy to frame him, if true, would seriously undermine the prosecution's case. Defense counsel's failure to develop and present such evidence could be prejudicial within the meaning of Strickland.
 
 
 10
 Accordingly, we remand to the district court for an evidentiary hearing to establish whether Conley actually told his attorney of these witnesses, whether the attorney investigated their possible testimony, and what the witnesses could and would have testified to at trial. The hearing should also address whether actual prejudice arose from the absence of the testimony of these two witnesses at trial.
 
 
 11
 On Conley's other claims, we affirm the judgment below on the reasoning of the district court. United States v. Conley, Cr. No. 82-173-A, C/A No. 86-1349-AM (E.D. Va., Nov. 18, 1986).
 
 
 12
 Because the issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.